WISNIA PC
Howard N. Wisnia (CA 184626)
12636 High Bluff Dr., Suite 400
San Diego, California 92130
Telephone: (858) 461-0989
howard@wisnialaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York Liability Company<br><br>Plaintiff,<br><br>v.<br><br>BUDGET BLINDS, LLC, a California Limited Liability Company;<br><br>HOME FRANCHISE CONCEPTS, LLC, a Delaware Limited Liability Company<br><br>Defendants. | Case No.<br><br>**<u>COMPLAINT FOR COPYRIGHT INFRINGEMENT</u>**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Associated Production Music LLC ("APM"), through its undersigned counsel, for this Complaint against Defendants, Budget Blinds, LLC ("Budget Blinds") and Home Franchise Concepts, LLC ("HFC") (each a "Defendant" and, collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for willful violation of the United States copyrights (the "Copyrights") of the sound recordings and compositions of at least eleven works (the "Infringed Works"), all timely registered with the U.S. Copyright Office. Specifically, Defendants have exploited, without authorization, the Infringed Works through unauthorized reproduction, synchronization, importation, distribution, derivative works and/or public performance by means of transmission—namely, generally and publicly available videos on YouTube and Facebook—distributed to viewers within this district and throughout the entire United States. A list of Infringed Works with the titles and registration numbers for each Infringed Work, and exemplary links to infringing uses by Defendants[1] is attached as **Exhibit A** hereto and incorporated herein by reference.

2. Promptly upon discovering the infringement, APM sent to both Budget Blinds and HFC notice correspondence. Beginning in October 2025, outside counsel for APM sent cease and desist letters identifying Defendants' illegal use of the Infringed Works in a multitude of various programs and online videos including at least 50 links to Facebook and YouTube programs and videos (herein, the "Infringing Programs" or "Infringing Works") and requesting that Defendants provide any proof of licensure for use of the Infringed Works.

3. Evincing the willful and inexcusable nature of Defendants' infringement, Defendants failed to provide any evidence of licensure. Although providing responses to the cease and desist letters, Defendants could not and did not provide evidence of a single license for any of the at least eleven Infringed Works.

4. The presence of unauthorized and unlicensed videos naturally saturates the market and depresses demand for APM's works for use by other entities, causing APM significant and irreparable injury.

---

[1] Some if not all of the links are longer active as Defendants have taken them down.

## THE PARTIES

5. Plaintiff, APM, is a New York limited liability company with its principal place of business in Los Angeles, California. APM is the exclusive licensee and licensing agent of the asserted violated rights in the Infringed Works violated by the Infringing Works, all of which are duly registered with the United States Copyright Office, excepting certain standard musical society or performance licenses organization rights, said Infringing Works being listed in **Exhibit A** hereto and previously incorporated by reference herein. Not only were the uses neither authorized nor permitted by Plaintiff, but based on diligent investigation and pre-suit communications with Defendants, on information and belief Defendants obtained no permission or rights from any other party claiming actual or purported rights to do so.

6. On information and belief, Defendant Budget Blinds is a California Limited Liability Company, with a principal place of business at 19000 MacArthur Blvd, Ste.100 Irvine, CA 92612.

7. On information and belief, Defendant HFC is a Delaware Limited Liability Company, with a principal place of business at 19000 MacArthur Blvd, Ste.100 Irvine, CA 92612.

## JURISDICTION AND VENUE

8. APM's claims arise under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.* seeking damages, injunctive relief, and attorneys' fees and costs.

9. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants because Defendants, acting alone and in concert for the reasons alleged herein, have committed acts of U.S. copyright infringement within this District and across the United States, including the specific direction, performance and distribution of infringing content directly to viewers in this District and across the United States.

Defendants direct and specifically target the supply of the Infringing Works in this District and across the United States by their infringement.

11. Further, Defendants reside in this District and are thus subject to personal jurisdiction in this District. Budget Blinds is organized and formed under the laws of California and both Defendants maintain their principal places of business in this District.

12. Venue in this District is proper under 28 U.S.C. §§ 1391(d) and 1400(a) because a substantial part of the events giving rise to the claim occurred in this District, because Defendants have their principal places of business in this District, and each Defendant and/or its agents may be found in this District.

**FURTHER ALLEGATIONS**

13, For over forty (40) years, APM has been an integral part of the production music industry and, at this time, is one of the world's leading production music library companies. APM owns and/or controls more than 1.2 million recordings made up of more than 390,000 unique musical compositions available to license, making its collection the largest, deepest, and broadest in the industry. In fact, APM has over 300 diverse libraries including KPM Music, Sonoton, Cezame, and Kosinus, offering every imaginable music genre to help a client find that perfect track for the client's production.

14. APM is the exclusive licensee of all rights under U.S. copyright law asserted herein as violated by the Infringing Works. To use the music within APM's production music library, a potential client must sign up for an APM Search account and fill out the registration application. The client must obtain a license from APM that corresponds to the intended type of use by the client (*i.e.*, personal, commercial, etc.) in exchange for the payment of royalties or fees customarily associated with the issuance of said license. A significant market for APM is licensing its works for a fee for companies to use commercially as music in advertisement or other

synchronized broadcasts used on the internet where music is placed in audiovisual works.

15. Consistent with the above allegations, **Exhibit A** has been incorporated hereto and provides a sample list of Infringed Works, including (i) title, (ii) album, and (iii) U.S. copyright registration number for the album or compilation that includes the respective title, and links to exemplary Infringing Programs containing the respective Infringed Work that were illegally synchronized, copied, performed and distributed by Defendants. This same information was provided to Defendants in the pre-suit cease and desist letters.

16. Defendants illegally copied APM works and synchronized them for use as production music in various online marketing uploaded to at least Facebook and YouTube and social media sites with the express intent to increase Defendant's viewership, market to a wider audience, advertise to and obtain new franchisees, and increase Defendants' revenue by promoting its products and sales thereof. As a result, on information and belief, Defendants have derived significant revenue and profits as a direct result of their use of the Infringed Works. However, Defendants did not first secure a license from APM for the use of the Infringed Works.

17. Defendants further created and distributed the Infringing Works and distributed them to at least their franchisees for use in marketing and further distribution on various Facebook, YouTube and social media sites.

18. Defendants' unauthorized uses of APM's Infringed Works consist of direct actual copying of APM's Infringed Works in Defendants' Infringing Works, which Defendants created, distributed to franchisees and the general public for at least online commercial business purposes.

19. Defendants certainly had access to APM's Infringed Works, but no valid license to make use of said Infringed Works.

20. Defendants' rampant use of the Infringed Works is in direct contradiction of the express licensing terms provided on the APM Website.

21. Through investigation, APM discovered that Defendants exploited the Infringed Works through its myriad of online promotions and advertising made available to viewers on YouTube and Facebook.

22. APM's diligent discovery did not occur until a date less than three years from the filing of this Complaint, and such date of discovery was reasonable while an earlier date was unreasonable given that the use of APM's music happened in the vast sea of billions of videos online.

23. After discovering the infringement, APM conducted a diligent search for a license between APM and Defendants for Defendants' uses of the Infringed Works but was unable to locate any licenses for Defendants.

24. As noted earlier, thereafter APM contacted Defendants, including via a cease and desist letters, demanding that they provide proof of license for the APM Infringed Works and/or otherwise respond to the allegations.

25. APM afforded Defendants ample opportunity to show a valid license, but Defendants have failed to do so to date.

26. The qualitative and quantitative similarities are identical in this instance because Defendant's use of the Infringed Works are direct copies. APM has saved recordings of each of these Infringing Programs and will produce them in discovery or upon request but are too voluminous to reasonably attach to this Complaint. To be clear, however, the videos contain direct copies of the Infringed Works.

27. APM brings this action to vindicate its rights for Defendant's direct, vicarious, and contributory infringement of APM's Infringed Works, to recover damages, and requests that the Court grant the maximum award of statutory damages for copyright infringement. In light of Defendant's blatant and willful copyright infringement, anything less than the maximum statutory award of $150,000 per infringed work would not deter future infringement and adequately compensate APM.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

28. APM incorporates the allegations set forth in all Paragraphs of this Complaint as if fully set forth herein.

29. APM is the exclusive licensee and licensing agent of all the United States exclusive copyright interests asserted herein in the Infringed Works, including those asserted under *inter alia* 17 U.S.C. § 106 and 602.

30. Each of the Infringed Works have been duly registered with the U.S. Copyright Office. Each of the Infringed Works is an original work of authorship and constitutes copyrightable subject matter as defined by 17 U.S.C. § 102.

31. Without APM's authorization, license, or consent, Defendants willfully exploited the Infringed Works as alleged herein, violating one or more of APM's exclusive U.S. copyright interests through actions taken in connection with the Infringing Programs, including in connection with online postings to YouTube and Facebook and by engaging in the acts alleged in this Complaint, including by reproducing, distributing, and/or publicly performing the Infringed Works as part of Defendant's online postings to social media platforms, including as listed in Exhibit A hereto. In addition, Defendants, on information and belief, created the Infringing Works and distributed them to at least their franchisees for commercial purposes and further infringement.

32. Defendants authorized the reproduction, distribution, and/or public performance of the Infringed Works by synchronizing the Infringed Works with the Infringing Programs on social media platforms, including as listed in Exhibit A hereto, further by copying and importing copies of the Infringing Programs to the United States, by streaming and broadcasting to United States customers through U.S. providers the Infringing Programs, and by engaging in the acts alleged in this Complaint.

33. On information and belief, Defendants knew and had reason to know of the infringing activity in the Infringing Works and intentionally induced, materially contributed to and encouraged that infringing activity, including by the acts alleged in this Complaint.

34. Indeed, on information and belief, Defendants created and/or assisted in and directed the creation of the Infringing Works and Infringing Programs.

35. Further, Defendants at least own and manage multiple social media and YouTube Channels featuring and providing the Infringing Programs.

36. Defendants' unauthorized U.S. reproduction, distribution, public performance, importation, U.S. synchronization, and/or display, or U.S. licensing thereof, of the Infringed Works infringes APM's exclusive rights in violation of 17 U.S.C. § 101, *et seq.* Defendants' activities as alleged in this Complaint violate APM's rights in the Infringing Works, including without limit its distribution rights, display rights, streaming and digital transmission rights, sampling and derivative works rights, and other exclusive copyright rights.

37. Each Defendant knew and had reason to know of the infringing activity in the Infringing Works and intentionally induced, materially contributed to and encouraged that infringing activity, including by the acts alleged in this Complaint.

38. At all relevant times, Defendants' conduct has been willful, and with total disregard for APM's rights. Defendants had knowledge and understanding of the straightforward licensing procedures for the Infringed Works the necessity of which was readily disclosed by APM, but exploited the Infringed Works, over the course of several years without obtaining the necessary licenses from APM.

39. APM has been irreparably harmed and suffered actual damages, including lost profits and licensing fees, as a direct result of Defendants' infringing conduct.

40. APM is entitled to damages and Defendants' profits in an amount to be proven at trial, including pursuant to 17 U.S.C. § 504(b).

41. Alternatively in whole or part, and at APM's election, APM is entitled to recover up to $150,000 in statutory damages per work infringed.

42. APM has incurred attorneys' fees and costs as a direct result of Defendants' infringement, which are recoverable and should be awarded pursuant to 17 U.S.C. § 505.

43. Defendants' conduct is causing great damage to APM, which full damages cannot be accurately measured in monetary terms, and therefore, unless enjoined by the Court, APM will suffer irreparable injury, for which APM is without adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Infringed Works, and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works, including the Infringing Programs.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT
**(Against All Defendants)**

44. APM incorporates the allegations set forth in all Paragraphs of this Complaint as if fully set forth herein.

45. On information and belief, HFC is a parent company of Budget Blinds and/or other subsidiaries involved in making, uploading, and publishing of the Infringing Works.

46. On information and belief, Budget Blinds is a wholly owned subsidiary of HFC.

47. On information and belief, HFC dominates the management of Budget Blinds, including the direction that the vast majority, if not all of the profits realized by Budget Blinds flow back up to HFC.

48. On information and belief, HFC directed that Budget Blinds and/or other subsidiaries make, distribute, upload, publish the Infringing Works and/or encourage and/or direct franchisees to do the same.

49. On information and belief, Budget Blinds did in fact make, distribute, upload, publish the Infringing Works and/or encourage and/or direct franchisees to do the same.

50. On information and belief, at all relevant times, HFC had the right and ability to supervise and/or control the infringing conduct of its subsidiaries including Budget Blinds and other subsidiaries, including due to the parent-subsidiary relationship between the companies, but it has failed to exercise such supervision and/or control to avoid infringement.

51. On information and belief, at all relevant times, Budget Blinds had the right and ability to supervise and/or control the infringing conduct of its franchisees as it relates to copyright infringement, including due to franchisor agreements, but it has failed to exercise such supervision and/or control to avoid infringement.

52. As a direct and proximate result of such acts and failures by HFC, Budget Blinds, its other subsidiaries, and/or franchisees have infringed APM's Infringed Works as set forth above.

53. As a direct and proximate result of such acts and failures by Budget Blinds, its franchisees have infringed APM's Infringed Works as set forth above.

54. On information and belief, at all relevant times, HFC and Budget Blinds derived substantial financial benefit from infringement of APM's Infringed Works by Budget Blinds, other HFC subsidiaries and franchisees.

55. The above-mentioned acts of infringement have been willful, intentional, and purposeful in disregard of, and with indifference to, APM's rights.

56. The conduct, as alleged, constitutes vicarious infringement of APM's copyrights and exclusive rights in violation of 17 U.S.C. §§ 106, 115, and 501.

57. APM is entitled to damages and Defendants' profits in an amount to be proven at trial, including pursuant to 17 U.S.C. § 504(b).

58. Alternatively in whole or part, and at APM's election, APM is entitled to recover up to $150,000 in statutory damages per work infringed.

59. APM has incurred attorneys' fees and costs as a direct result of Defendants' vicarious infringement, which are recoverable and should be awarded pursuant to 17 U.S.C. § 505.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

60. APM incorporates the allegations set forth in all Paragraphs of this Complaint as if fully set forth herein.

61. On information and belief, Defendants knowingly and systematically induced, caused, materially contributed to, had reason to know of and participated in, the infringement of APM's exclusive rights in the Infringed Works under 17 U.S.C. § 106 by the unauthorized U.S. reproduction, distribution, public performance, importation, U.S. synchronization, and/or display, or U.S. licensing thereof, of the Infringed Works by Defendants' subsidiaries and/or franchisees in video content located on websites, applications, YouTube and/or Facebook channels owned or controlled by such subsidiaries and/or franchisees.

62. Defendants' subsidiaries and/or franchisees used APM's Infringed Works, without authorization or license, to in the Infringed Works, including to promote, expand and sell their various media and entertainment goods and services.

63. At no time did Defendants, or Defendants' subsidiaries and/or franchisees receive authorization or permission to reproduce, synchronize, distribute, and/or perform by means of digital transmission any of APM's Infringed Works.

64. On information and belief, through their actions and/or inaction, Defendants knowingly induced, caused or materially contributed to copyright infringement by each other and each must be held liable as a contributory infringer.

65. On information and belief, through their actions and/or inaction, Defendants knowingly induced, caused or materially contributed to copyright

infringement by Defendants' subsidiaries and/or franchisees, and each Defendant must be held liable as a contributory infringer.

66. APM is entitled to damages and Defendants' profits in an amount to be proven at trial, including pursuant to 17 U.S.C. § 504(b).

67. Alternatively in whole or part, and at APM's election, APM is entitled to recover up to $150,000 in statutory damages per work infringed.

68. APM has incurred attorneys' fees and costs as a direct result of Defendants' contributory infringement, which are recoverable and should be awarded pursuant to 17 U.S.C. § 505.

## PRAYER

**WHEREFORE**, APM prays for judgment and relief as follows:

A. For judgment in favor of APM and against Defendants;

B. A declaration and finding that Defendants infringed APM's Copyrights in violation of the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

C. A declaration and finding that Defendants have contributorily infringed APM's Copyrights in violation of the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*;

D. A declaration and finding that Defendants vicariously infringed APM's Infringed Works pursuant to the Copyright Act of 1976, as amended 17 U.S.C. § 101, *et seq.*;

E. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the disgorgement of Defendants' profits in an amount to be proven at trial, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c) in an amount up to $150,000.00 per infringed work;

F. For costs of suit, including an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505 and other applicable laws;

G. Order that Defendants be required to pay APM pre-judgment and post-judgment interest at the statutory rate;

H. For temporary, preliminary and permanent injunctive relief requiring the removal and destruction of the Infringed Works and any other works using APM copyrighted materials;

I. A declaration and finding that each defendant is jointly and severally liable for all infringement and damages; and

J. For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), APM demands a trial by jury on all issues so triable.

Dated: September 25, 2026

Respectfully submitted,

**WISNIA PC**

*/s/ Howard Wisnia*
Howard N. Wisnia (CA 184626)
12636 High Bluff Dr., Suite 400
San Diego, California 92130
Telephone: (858) 461-0989
howard@wisnialaw.com

*Attorneys for Plaintiff*